# EXHIBIT A

# EXHIBIT A-1

Case 4:19-cv-01459   Document 1-1   Filed on 04/19/19 in TXSD   Page 3 of 20

4/11/2019 10:37 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32695429
By: Nelson Cuero
Filed: 4/11/2019 10:37 AM

2019-25859 / Court: 190

NO. _____

| | | |
|---|---|---|
| YEHYA YAMAN, <br> PLAINTIFF <br><br> V. <br><br><br> INTERCONTINENTAL TERMINALS <br> COMPANY, LLC AND ALICE <br> RICHARDSON, <br> DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT <br><br><br><br><br><br> \_\_\_\_ JUDICIAL DISTRICT <br><br><br><br> OF HARRIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Yehya Yaman, and files this Original Petition and Application for and Request for Disclosure, and respectfully shows the Court as follows:

## I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery in this case under Level II pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. PARTIES

2. Plaintiff, Yehya Yaman, is an individual who resides is in Harris County.

3. Intercontinental Terminals Company LLC ("ITC"), Defendant herein, is a Delaware Company doing business in the State of Texas for monetary profit. Based upon information and belief, ITC is the owner of the property and facility located in Deer Park, Texas, hereinafter ("ITC facility"). As detailed in the Texas Secretary of State records, Intercontinental Terminals Company LLC maintains a corporate office in Texas, located at 1021 Main St. #1150, Houston, Texas 77002-6508. ITC has availed itself of the jurisdiction and laws of the State of Texas. Defendant may be served with process by and through its registered agent for service of process

1

in the State of Texas: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

4. Alice Richardson is an individual who may be served with process at her place or employment or her residence.

5. Plaintiff specifically invokes the right to institute this suit against whatever entity was conducting business using the assumed or common name of "Intercontinental Terminals Company" with regard to the events described in this Petition. Plaintiff expressly invokes its right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or of the Court.

### III. VENUE AND JURISDICTION

6. The subject matter in controversy is within the jurisdictional limits of this Court. Plaintiff seeks monetary relief in excess of $1,000,000. Venue is proper in Harris County, Texas, pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1) because it is the county where all or a substantial part of the events or omissions giving rise to the claim occurred. Venue is proper as to all Plaintiff and Defendants under Texas Civil Practice & Remedies Code § 15.005.

7. The Court has subject matter jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits.

8. The Court has specific and general personal jurisdiction over Defendant Intercontinental Terminals Company LLC, because Defendant owns property located in Texas, and this Defendant has purposely availed itself of the privilege of conducting business and activities within Texas for monetary profit; it has substantial and continuous contacts with the State of Texas, generally and with respect to this action, to satisfy both general and specific minimum contacts; and exercising jurisdiction over it does not offend the traditional notions of fair play

and substantial justice. This Defendant has corporate headquarters in Houston, Texas pursuant to the Texas Secretary of State's records.

9. Although Plaintiff seeks damages in an amount exceeding $75,000.00, federal courts lack jurisdiction over this suit. There is incomplete diversity of citizenship, and Plaintiff's claims raise no federal question. Thus, any attempt to remove this case to federal court is improper. Here, Plaintiff seeks no further relief under a federal law, statute, regulation, treaty or constitution, nor do Plaintiff's rights to relief necessarily depend on the resolution of a substantial question of federal law.

## IV. FACTS

10. On or about 10:30 a.m. on Sunday, March 17, 2019, a fire started in the ITC tank yard and first ignited a tank containing naphtha. That fire continued to spread throughout the ITC terminal, engulfing at least eight tanks and sending massive plumes of black smoke over and into the communities of southeast Texas. This massive cloud, containing toxic chemicals, ash and fumes, continued to spread and cause injuries and damages to Plaintiff. After burning for three straight days, the fire was finally extinguished in the early morning hours of Wednesday, March 20, only to reignite hours later.

The fire was again extinguished. There was another flare-up on Thursday, March 21, causing a release of benzene into the atmosphere, in addition to all of the other chemicals both previously released and continually being released from the ITC tanks. On Friday, March 22, 2019, there was yet another re-ignition of one of the tanks, forcing another shelter-in-place for Plaintiff.

11. Upon information and belief, the fire may have been started when a tank overheated, and the safety mechanism did not work properly and was unable to prevent the fire. As a result, from

3

March 17, 2019 through the date of this filing, ITC has released the following toxic chemicals (among others) into the atmosphere: Toluene, Xylene, Naphtha, and Benzene. Plaintiff have been exposed and re-exposed several times over with these toxic chemicals, causing them severe injuries and damages.

12. Local news agencies, relying on information given by ITC officials, reported that the air was safe and no dangerous chemicals had been released by the initial fire on March 17, 2019.

13. ITC has a long history of state and federal environmental violations. According to the Texas Commission on Environmental Quality, Intercontinental Terminals Company (ITC) has been fined for multiple infractions that could have been avoided. In 2008, ITC was fined when a relief valve failed causing 6,745 pounds of unauthorized butadiene to be released into the atmosphere due to the facility's failure to prevent an increase in pressure. The Commission said the event was "avoidable by better operational practices." Butadiene is a carcinogen to humans and is used to make plastics.

14. In 2009, ITC was fined for failing to "prevent the overloading of a railcar resulting in the unauthorized release of 1,452 pounds of toluene, a hazardous air pollutant, during a four-hour emissions event." This event was also said to be avoidable because the release was due to an operator failing to tighten a bolt on a hatch.

15. Additionally, ITC has been the subject of repeated water violations. In 2017, The Texas Commission on Environmental Quality fined ITC for releasing cyanide into the San Jacinto River basin in an amount more than ten times the permitted levels. In 2016, ITC released more than three times the limit for sulfide, and in 2015 ITC was found over the limit for chlorine discharge. Since July 2017, ITC has also failed to file monitoring reports on its chemical services, as required by federal regulations.

16. Residents, including Plaintiff herein, who had no health issues before the ITC fire, soon began complaining of upper respiratory infections, bronchitis, pneumonia, itchy, burning eyes, tight, burning throats, and the like—illnesses and injuries that did not exist prior to the explosions and fires at the ITC facility and illnesses resulting from and exacerbated by the subsequent fires and chemical releases at the ITC facility.

17. As result of the fire and chemical releases, Plaintiff herein has suffered property damages, including: injury to the land that resulted in cost of repairs, loss of use, or any combination thereof; injury to improvements that resulted in cost of repairs, loss of use, or any combination thereof; injury to business, that resulted in lost profits, loss of credit or reputation thereof, loss of goodwill, or any combination thereof; injury to personal property that resulted in cost of repairs, loss of use, or any combination thereof; and diminution in property value.

## V. CAUSES OF ACTION

18. Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein and further states as follows:

**A. NEGLIGENCE**

19. On the occasion in question, as more fully described above in Section IV, Defendants committed acts of omission and commission, which collectively and separately constituted negligence. Defendants had a duty to exercise ordinary care, meaning that degree of care that would be used by any chemical company of ordinary prudence under the same or similar circumstances, and Defendants breached that duty, including but not limited to one or more of the following ways:

    a.    In failing to properly store chemicals at the ITC facility;

    b.    In failing to develop, implement, and maintain proper procedures for the backup

      refrigeration of chemicals stored at the ITC facility;

c.    In failing to develop, implement, and maintain proper safety procedures and protocol concerning the safe maintenance of the highly toxic and inherently dangerous chemicals maintained at the ITC facility;

d.    In failing to have adequate procedures in place to protect the safety and welfare of the community in the event of a catastrophe;

e.    In failing to provide the public accurate information on the chemicals being released;

f.    In failing to properly warn the public concerning the risks and dangers associated with the highly toxic and inherently dangerous chemicals maintained at the ITC facility;

g.    In failing to implement and maintain proper procedures, as established by ITC and governmental agencies regarding the safe and proper handling of chemicals at the ITC facility; and

h.    In failing to adequately prepare for a major fire event, having had the knowledge that such an event was foreseeable.

20. As to Defendant Alice Richardson, she failed to properly disclose and warn the public in general and specifically your Plaintiff of the high levels of dangerous chemicals and carcinogens being released into the atmosphere as a result of the burning tanks at the ITC facility.

21. Defendants' breaches were a proximate cause of the occurrence in question and the injuries and damages sustained by Plaintiff herein.

**B. GROSS NEGLIGENCE**

22. Defendants unconscionably and wantonly neglected to take the actions reasonably required

to correct its past mistakes and omissions and unconscionably and wantonly neglected to reasonably protect the citizens of Harris County, Texas and surrounding communities (including, but not limited to Deer Park, Pasadena, Sheldon, Channelview, Galena Park and Jacinto City) from the unreasonably dangerous condition it created. These acts of omission and commission, included, but were not limited to those as described herein under Section V(A).

23. Defendants committed acts of omission and commission, which collectively and severally, constituted malice under Chapter 41 of the Texas Civil Practices & Remedies Code, which malice was a proximate cause of the accident described herein. Plaintiff seeks exemplary damages as allowed by law in an amount to be determined at trial. These acts of malice involved an extreme degree of risk considering the probability and magnitude of harm to others; and of which Defendants had actual, subjective awareness of such risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

### C. NEGLIGENCE *PER SE*

24. Defendants' conduct described herein constitutes an unexcused breach of duty imposed by law. Plaintiff is a members= of the class that the law was designed to protect. Defendants' unexcused breach of the duty imposed by the law proximately caused the Plaintiff' injuries and damages described herein.

### D. NEGLIGENT MISREPRESENTATION

25. Defendant Alice Richardson made representations to Plaintiff, the residents of the affected communities, and public at large concerning the ITC facility, the risk and consequences of the fires and the emission of toxic chemicals into the atmosphere. Defendants downplayed the risks associated with the fires and toxicity of the chemicals at issue. On or about March 18, 2019, Defendant Richardson released statements that the "risk of explosion remained minimal" and

"the air quality around the facility was below levels that would represent a health concern."

26. Defendants ITC and Richardson supplied this misleading information and failed to exercise reasonable care when doing so. Plaintiff relied upon these representations to her detriment. Plaintiff justifiably relied upon these representations.

27. As a proximate result of Defendants' negligent misrepresentations Plaintiff has suffered substantial harm and injury. Plaintiff is entitled to recover all actual damages, both general and special, against Defendants for tortious representations.

## VI. REQUEST FOR INSPECTION

28. Plaintiff also pray that this Court issue an Order permitting the Plaintiff's attorneys and investigative staff, including but not limited to consulting experts, to have access to the premises in question to inspect, photograph, and film said premises. Such access for the purpose of inspection, photographing and filming is essential in order for the Plaintiff to prepare her cause and to see that justice is done.

## VII. DAMAGES

29. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe bodily injuries, and to incur the following damages:

    a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

    b.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    c.    Physical pain and suffering in the past;

d. Physical pain and suffering in the future;

e. Physical impairment in the past;

f. Physical impairment which, in all reasonable probability, will be suffered in the future;

g. Loss of earnings in the past;

h. Loss of earning capacity which will, in all probability, be incurred in the future;

i. Disfigurement in the past;

j. Disfigurement in the future;

k. The cost of future medical monitoring;

l. Mental anguish in the past;

m. Mental anguish in the future;

n. Injury to the land that resulted in cost of repairs, loss of use, or any combination thereof;

o. Injury to improvements cost of repairs, loss of use, or any combination thereof; and

p. Injury to business that resulted in lost profits, loss of credit or reputation thereof, loss of goodwill, or any combination thereof.

## VIII. PRESERVING EVIDENCE

30. Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incidents made the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates,

9

invoices, checks, measurements, correspondence, facsimiles, email, voicemail, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of the evidence.

## IX. REQUEST FOR DISCLOSURE

31. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

## X. PRAYER

**WHEREFORE**, PREMISES CONSIDERED, Plaintiff prays that:

a.  Defendants be cited to appear and answer herein,

b.  a temporary restraining order will issue without notice to Defendant Intercontinental Terminals Company, LLC restraining Defendant as described herein,

c.  the Court set a reasonable bond for the temporary restraining order,

d.  after notice and hearing, a temporary injunction will issue enjoining and restraining Defendant from the conduct described herein,

e.  Plaintiff be awarded her damages from Defendants herein, jointly and severally, as more fully described in Section IX above;

f.  Plaintiff be awarded her costs of suit;

g.  Pre-judgment and post-judgment interest on all applicable amounts be awarded to Plaintiff at the maximum non-usurious rate as allowed by law;

h.  Plaintiff be awarded exemplary damages; and

i.  Plaintiff be awarded such other and further relief, both at law and in equity, to

which Plaintiff may be justly entitled.

Respectfully submitted,

**THE HADI LAW FIRM, PLLC**

By: _____
Husein Hadi
Texas Bar No. 24067641
Jamil Thomas
Texas Bar No. 24066914
Carnegie H. Mims, III
Texas Bar No. 24046448
Sedrick Stagg
Texas Bar No. 24102815
7100 Regency Square Boulevard, Suite 140
Houston, Texas 77036
Tel:  (832) 433-7977
Fax:  (855) 423-4529
litigation@thehadilawfirm.com
**Attorneys for Plaintiff**

**PLAINTIFF HEREBY DEMANDS JURY TRIAL**

**FILED ON: APRIL 11, 2019**

# EXHIBIT A-2

CAUSE NO. 2019-25859

| | | |
|---|---|---|
| YEHYA YAMAN, | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| INTERCONTINENTAL TERMINALS COMPANY LLC AND ALICE RICHARDSON, | § § § | |
| | § | |
| Defendants. | § | 190th JUDICIAL DISTRICT |

# DEFENDANTS INTERCONTINENTAL TERMINALS COMPANY LLC AND ALICE RICHARDSON'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER

Defendants Intercontinental Terminals Company LLC and Alice Richardson (collectively, "Defendants") file their Motion to Transfer Venue and, subject thereto, Original Answer to Plaintiff's Original Petition with Request for Disclosure (the "Petition").

## I.   MOTION TO TRANSFER VENUE

Pursuant to Rule 257 of the Texas Rules of Civil Procedure, Defendants respectfully request that venue for this action be transferred from Harris County to another county of proper venue under the Texas Civil Practice and Remedies Code. Defendants will supplement the record with a brief in support of their motion and necessary affidavits upon completion of sufficient discovery.

## II.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations and claims set forth in Plaintiff's Petition and demand strict proof thereof by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

## III.   AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because Plaintiff lacks standing to bring, in whole or in part, the claims alleged in the Petition.

3. Defendants assert the defense of contributory or comparative negligence to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused, in whole or in part, by the negligence, fault, negligence per se, and other culpable conduct of other persons or parties who failed to exercise the requisite degree of care and caution, entitling Defendants to have the Court and jury apply the doctrine of comparative negligence established by Tex. Civ. Prac. & Rem. Code § 33.001 *et seq.* to reduce any judgment against it by the degree of negligence or fault attributable to any other person or party.

4. Defendants assert the defense of superseding or intervening cause to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused by separate and independent events or agencies that were not the result of Defendants' actions or reasonably foreseeable to Defendants or within their control.

5. Defendants deny that the alleged injuries of Plaintiff were proximately caused by any alleged act or omission of Defendants.

6. As an affirmative defense, the evidence may show that one or more claims of Plaintiff are barred in whole or in part by the failure to mitigate damages.

7. As an affirmative defense, the evidence may show that one or more of Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

8. Alternatively, should any amount be cast against Defendants in judgment, Defendants are entitled to a credit and off-set for any and all payments made to Plaintiff for any purpose arising out of the incident and/or claims made the subject of this litigation, including, but not limited to, settlement credits.

9. Defendants deny any liability for punitive or exemplary damages. In any event, Plaintiff's claims for exemplary damages are limited by Tex. Civ. Prac. & Rem. Code § 41.008.

10. Defendants deny any liability for punitive or exemplary damages. In any event, Plaintiff's claim for punitive damages against Defendants cannot be sustained because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Defendants' rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

11. Defendants deny any liability for punitive or exemplary damages. In any event, Plaintiff's claims for punitive damages against Defendants cannot be sustained because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness or the appropriate size of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

12. Defendants deny any liability for punitive or exemplary damages. In any event, a punitive damages award would violate the prohibition against excessive fines contained

in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the Fourteenth Amendment to that Constitution, and Article I, § 19 of the Texas Constitution.

13. Defendants reserve the right to assert other affirmative defenses, cross-claims, and designations of responsible third parties as discovery proceeds.

### IV.    RIGHT TO AMEND

Defendants reserve the right to amend this Answer.

### V.    REQUEST FOR JURY

Defendants request a trial by jury and will pay the required fee in accordance with the deadlines imposed by the Texas Rules of Civil Procedure.

### VI.    PRAYER

Defendants request that this Court, after trial or final hearing of this case, enter judgment in Defendants' favor, that Plaintiff take nothing by reason of this suit, and that the Court award Defendants their costs of court and expenses and all other relief to which they are entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: */s/ Russell C. Lewis*
    Russell C. Lewis
    Texas Bar No. 24036968
    Michael S. Goldberg
    Texas Bar No. 08075800
    Benjamin Gonsoulin
    Texas Bar No. 24099682
    Kelly Hanen
    Texas Bar No. 24101862
    Elizabeth Furlow
    Texas Bar No. 24109899
    One Shell Plaza
    910 Louisiana Street
    Houston, Texas 77002-4995
    Telephone:  (713) 229-1767
    Facsimile:   (713) 229-2867
    russell.lewis@bakerbotts.com
    michael.goldberg@bakerbotts.com
    ben.gonsoulin@bakerbotts.com
    kelly.hanen@bakerbotts.com
    elizabeth.furlow@bakerbotts.com

        PHELPS DUNBAR LLP

        By: */s/ Ivan M. Rodriguez*
            Ivan M. Rodriguez
            Texas Bar No. 24058977
            Marc G. Matthews
            Texas Bar No. 24055921
            Michael E. Streich
            Texas Bar No. 24079408
            500 Dallas, Suite 1300
            Houston, Texas 77002
            Telephone: (713) 626-1386
            Telecopier: (713) 626-1388
            Ivan.rodriguez@phelps.com
            Marc.matthews@phelps.com
            Michael.streich@phelps.com

        ATTORNEYS FOR DEFENDANTS
        INTERCONTINENTAL TERMINALS
        COMPANY LLC AND ALICE RICHARDSON

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2019, a copy of this document has been served on the following counsel of record by electronic service:

Husein Hadi
Jamil Thomas
Carnegie H. Mims, III
Sedrick Stagg
The Hadi Law Firm
7100 Regency Square Blvd., Suite 140
Houston, TX 77036
litigation@thehadilawfirm.com

        */s/ Russell Lewis*
        Russell Lewis